UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

BELAFONTE LOPEZ ROSIER,

    Plaintiff,

vs.                                Case No. 2:05-cv-133-FtM-29SPC

DON HUNTER; CHRIS FREEMAN; BETH ANN
HANSEN; OSCAR ROCHE,

    Defendants.
_____

## **OPINION AND ORDER**

This matter comes before the Court upon review of Defendants Hansen, Freeman, Roche, and Hunter's First Motions to Dismiss (Docs. #28-#31) the Amended Complaint, and Plaintiff's Responses to Defendants' Motions (Docs. #34-#37)[1]. Defendants each seek dismissal of Plaintiff's Amended Complaint (Doc. #11-1) on the grounds that they are entitled to qualified immunity. Additionally, Defendants Freeman, Roche, and Hunter, seek dismissal of Plaintiff's Amended Complaint on the grounds that the Complaint fails to allege any personal involvement by these Defendants. Defendant Hansen seeks dismissal, arguing that Plaintiff, as a pre-trial detainee, had an appointed criminal defense attorney and that is all the access of courts Plaintiff is entitled to under the law.

---

[1] Although entitled Motions to Strike, the documents will be construed as responses and the motions terminated.

**I.**

Plaintiff, a pre-trial detainee[2] in the Collier County Jail proceeding *pro se*, filed an amended civil rights Complaint pursuant to 42 U.S.C. § 1983, alleging First Amendment violations stemming from Defendants interference with his access to the court. According to the Amended Complaint, in attempt to conduct "preliminary research," Plaintiff requested access to the Collier County Jail's law library and requested assistance from legally trained people between June 9, 2004 through July 21, 2004, but Defendant Hansen "deliberately denied" his requests. (Doc. #11, p. 8.)

When Plaintiff requested legal material, Defendant Hansen required Plaintiff to provide the exact case number or statute in order to receive a copy of the case or statute.[3] Plaintiff states

---

[2]According to the Collier County Clerk of Court's website, Plaintiff's underlying criminal trial, in case number 0302525CFA, is set in state court for August 29, 2006. See www.clerk.collier.fl.us

[3]Upon reviewing the Inmate Request for Legal Material forms that Plaintiff attaches to his Amended Complaint, it appears that the defendant might not have required case citations before printing the case. Instead it appears the defendant required Plaintiff to indicate his current pending case number, for which he was conducting legal research. (See Doc. #11-2 Inmate Request for Legal Material Form at pp. 12-13.) The directions on the inmate request form for legal materials state: "If you do not have a case number because you are filing a civil case you must put what type of civil case you are filing." However, even when Plaintiff indicated on the form under "Case #" that he was filing a "writ of habeas corpus pursuant to U.S.C. s. 2254" and under the requested materials paragraph Plaintiff included case names and case citation numbers, Plaintiff's request was denied. Again, the response
(continued...)

that Defendant Hansen's requirement was "contrary to posted rules and procedure for obtaining legal materials." (Id. at p. 9(A).) Plaintiff states that he was only permitted to receive twenty cases.  Due to the Defendant Hansen's denial of Plaintiff's requests, the "courts denied my [Plaintiff's] habeas corpus motion for failure to allege relief was sought first" and also denied his state writ of certiorari as untimely. (Id.) Plaintiff also claims that his "attorney calls [were] denied" between June 9, 2004 through June 1, 2005.[4] (Id. at pp. 8, 9(B).)

In addition to Defendant Hansen, Plaintiff names as defendants: Lieutenant Roche, Captain Freeman, and Sheriff Don Hunter.  With respect to Defendant Roche, the Complaint alleges that Plaintiff contacted Defendant Roche via the administrative grievance procedures, but Roche did not conduct a "competent investigation" of Plaintiff's grievances. (Id. at p. 9(C).) Rather, Roche referred Plaintiff's grievance to Defendant Freeman. With respect to Defendant Freeman, Plaintiff claims Freeman was aware of the ongoing grievances and never took action to address Plaintiff's concerns.  Specifically, Plaintiff states that Defendant Freeman was suppose to personally speak with Plaintiff,

---

[3](...continued)
indicated that Plaintiff needed to "obtain a case #." (See Doc. 11-2 Inmate Request for Legal Material Form at p. 16.)  Based upon this review, it is entirely unclear what "case #" was lacking.

[4]Plaintiff's Amended Complaint does not identify who denied Plaintiff's requests to call his attorney.

but failed to do so. (Id.)  The Amended Complaint contains no allegations with respect to Defendant Hunter, other than mentioning that Defendant Hunter is the Respondent in one of Plaintiff's state petitions for habeas corpus.[5]

Additionally, Plaintiff states that he is confined in a cell with three other inmates, which is designed for one person, and the cell lacks a desk or table, which is needed to draft a Complaint. (Id. at p. 9(D).)  As relief, Plaintiff requests the following: devise a "constitutionally sound program" to ensure inmates adequate access to the court; access to law books; access to a word processor; ink pens; trained legal research assistants; stock legal forms; writing paper; use of the copy machine; unlimited access to the law library and attorney phone calls; and current legal information. (Id. at p. 10.)

**II.**

In deciding a Motion to Dismiss, the Court must accept well pleaded factual allegations in a complaint as true and take them in the light most favorable to plaintiff. Christopher v. Harbury, 536 U.S. 403, 406 (2002); Hill v. White, 321 F.3d 1334, 1335 (11th Cir. 2003); Gonzalez v. Reno, 325 F.3d 1228 (11th Cir. 2003).  A complaint should not be dismissed unless it appears beyond doubt that plaintiff can prove no set of facts that would entitle him to relief.  Conley v. Gibson, 355 U.S. 41, 45-46 (1957) (footnote

---

[5] A review of the Court's docket reveals no federal habeas corpus actions filed by Petitioner.

omitted); Marsh v. Butler County, 268 F.3d 1014, 1022 (11th Cir. 2001)(en banc). While the federal pleading burden is not great, it nonetheless requires fair notice of the claim and the grounds upon which the claim rests. Dura Pharms., Inc. v. Broudo, 125 S. Ct. 1627, 1634 (2005).

The Eleventh Circuit imposes "heightened pleading requirements" for § 1983 cases that involve individuals entitled to assert qualified immunity. Swann v. Southern Health Partners, Inc., 388 F.3d 834 (11th Cir. 2004)(citing Leatherman v. Tarrant County, 507 U.S. 163 (1993)). The heightened pleading standard is not otherwise applicable. The Court must limit its consideration to well-pleaded factual allegations, documents central to or referenced in the complaint, and matters judicially noticed. La Grasta v. First Union Secs., Inc., 358 F.3d 840, 845 (11th Cir. 2004). Dismissal is warranted however if, assuming the truth of the factual allegations of the plaintiff's complaint, there is a dispositive legal issue that precludes relief. Neitzke v. Williams, 490 U.S. 319, 326 (1989); Brown v. Crawford County, 960 F.2d 1002, 1009-10 (11th Cir. 1992). The Court need not accept unsupported conclusions of law or of mixed law and fact in a complaint. Marsh, 268 F.3d at 1036 n.16. Because Plaintiff is proceeding *pro se*, his pleadings are held to a less stringent standard than pleadings drafted by an attorney and will be liberally construed. Hughes v. Lott, 350 F.3d 1157, 1160 (11th Cir. 2003).

**III.**

Title 42 U.S.C. § 1983 imposes liability on anyone who, under color of state law, deprives a person "of any rights, privileges, or immunities secured by the Constitution and laws." To state a claim under 42 U.S.C. § 1983, plaintiff must allege: (1) defendants deprived him of a right secured under the United States Constitution or federal law, and (2) such deprivation occurred under color of state law. Arrington v. Cobb County, 139 F.3d 865, 872 (11th Cir. 1998); U.S. Steel, LLC v. Tieco, Inc., 261 F.3d 1275, 1288 (11th Cir. 2001). In addition, plaintiff must allege and establish an affirmative causal connection between the defendant's conduct and the constitutional deprivation. Marsh, 268 F.3d at 1059; Swint v. City of Wadley, 51 F.3d 988 (11th Cir. 1995); Tittle v. Jefferson County Comm'n, 10 F.3d 1535, 1541 n.1 (11th Cir. 1994). A defendant who occupies a supervisory position may not be held liable under a theory of *respondeat superior* in a § 1983 action. Monell v. Dep't of Soc. Servs., 436 U.S. 658, 690-692 (1978); Quinn v. Monroe County, 330 F.3d 1320, 1325 (11th Cir. 2003); Farrow v. West, 320 F.3d 1235 (11th Cir. 2003).

With respect to Plaintiff's access to the court claim, interference with an inmate's access to the court constitutes a First Amendment violation, which is actionable under 42 U.S.C. § 1983. Lewis v. Casey, 518 U.S. 343 (1996); Bounds v. Smith, 430 U.S. 817 (1977); Chandler v. Baird, 926 F.2d 1057 (11th Cir. 1991).

The Supreme Court established that a Plaintiff who alleges a denial of access to court claim must show how the interference caused the Plaintiff harm or prejudice with respect to the litigation. Lewis, 518 at 349-351. "The injury requirement is not satisfied by just any type of frustrated legal claim." Id. at 354. Specifically, the plaintiff must show that the denial of access to court prejudiced him in a criminal appeal, post-conviction matter, or in a civil rights action under 42 U.S.C. § 1983 "to vindicate 'basic constitutional rights.'" Id. (quoting Wolff v. McDonnell, 418 U.S. 539, 579 (1974)). Moreover, a plaintiff cannot establish injury unless the case that Plaintiff was unable to pursue had arguable merit. Lewis, 581 U.S. at 353; Wilson v. Blankenship, 163 F.3d 1284, 1291 (11th Cir. 1998).

**IV.**

**1. Defendants Hunter, Roche, and Freeman's Motions to Dismiss Plaintiff's Amended Complaint**

The Court recognizes that a *pro se* complainant is disadvantaged in ascertaining the proper legal entity against whom to bring his claim. See Brown v. Sikes, 212 F.3d 1205 (11th Cir. 2000). Nonetheless, the Court finds the Defendants Hunter, Roche, and Freeman, actions are not sufficiently causally related to the alleged constitutional violations claimed by Plaintiff. Marsh, 268 F.3d at 1059. Although personal participation is not specifically required for liability under 42 U.S.C. § 1983, there must be some

causal connection between the named defendant and the allegedly sustained injury. Rivas v. Freeman, 940 F.2d 1491, 1495 (11th Cir. 1991). Only Defendant Hansen is alleged to have denied Plaintiff's requests for legal materials from the law library.

Moreover, Plaintiff's claim that any of Defendants improperly denied his grievances, or failed to adequately address his objections relating to his access to court claim, fails to state a § 1983 claim. "[F]iling a grievance with a supervisory person does not alone make the supervisor liable for the allegedly violative conduct brought to light by the grievance, even if the grievance is denied." Haverty v. Crosby, No. 1:05-CV-00133, 2006 WL 839157, *5 (N.D. Fla. Mar. 28, 2006)(citations omitted). To impute a supervisor with knowledge, the knowledge "must be so pervasive that the refusal to prevent harm rises to the level of a custom or policy of depriving inmates of their constitutional rights." Tittle v. Jefferson County Comm'n, 10 F.3d 1535, 1542 (11th Cir. 1994). Thus, Plaintiff's allegations that Defendants Roche and Freeman did not thoroughly investigate Plaintiff's grievances is not sufficient to establish a § 1983 claim.

Additionally, Plaintiff cannot sustain a claim against Defendant Sheriff Don Hunter on the basis of his respective supervisory position. Defendant Hunter's supervisory position, without more, does not subject him to liability. Monell, 436 U.S. 658, 690-692 (1978); McDowell v. Brown, 392 F.3d 1283, 1289 (11th Cir. 2004); LaMarca v. Turner, 995 F.2d 1526, 1538 (11th Cir.

1993), cert. denied, 510 U.S. 1164 (1994).  Nor does Plaintiff's Amended Complaint contain any allegations of a policy, custom or practice that was the "moving force" behind the alleged misconduct. Board of County Comm'rs of Bryan County, Okl. v. Brown, 117 S. Ct. 1382, 1388 (1997); McDowell, 392 F.3d at 1289; Jones v. Cannon, 174 F.3d 1271, 1292 (11th Cir. 1999).

Consequently, the Court, in viewing the facts alleged in the light most favorable to Plaintiff, concludes that no relief could be granted against Defendants Hunter, Roche, and Freeman "under any set of facts that could be proved consistent" with the allegations in Plaintiff's § 1983 Amended Complaint.  Lewis v. City of St. Petersburg, 260 F.3d 1260, 1262 (11th Cir. 2001)(quoting Hishon v. King & Spaulding, 467 U.S. 69, 73 (1984)).  Thus, because Plaintiff has failed to state a cognizable claim under § 1983 against Defendants Freeman, Roche, and Hunter, Plaintiff's Amended Complaint will be dismissed without prejudice as to these Defendants.  Because the Court dismisses these Plaintiffs for the previous reasons, qualified immunity will not be discussed.

**2. Defendant Hansen's Motion to Dismiss Plaintiff's Amended Complaint**

According to the Amended Complaint, Defendant Hansen denied Plaintiff's requests for cases and statutes, and required exact citations before printing cases, which resulted in the state appellate court denying Plaintiff's petitions for habeas corpus

relief.  The Court takes judicial notice of the docket history in Plaintiff's pending state action, file number 0302525CFA, found at Collier County's Clerk of Court's Public Access website.  According to this docket history, it appears that Plaintiff made numerous *pro se* filings, including petitions for habeas relief to the state appellate court.  Although Plaintiff had court-appointed public counsel[6] for the majority of his trial court proceedings, Plaintiff continued to file *pro se* state appellate motions, one of which Plaintiff states the appellate court denied as "untimely".

Even if there was no actual injury, at the pleading stage, the Court may "not dismiss an 'access-to-courts' claim based upon a failure to allege actual injury.'" Hyland v. Parker, 163 Fed. Appx. 793, 798 (11th Cir. 2006)(quoting Bass v. Singletary, 143 F.3d 1442, 1445 (11th Cir. 1998)).  In Hyland, the Eleventh Circuit found that the district court's *sua sponte* dismissal of plaintiff's access to court claim on the basis that plaintiff has failed to demonstrate an actual injury was erroneous and an abuse of discretion.  The Eleventh Circuit pointed out that at the summary judgment stage, plaintiff would be required to present evidence of the harm he allegedly suffered and at that point could not merely rely on allegations of harm.  Thus, at this stage of the

---

[6]Plaintiff had a court-appointed public defender, until Plaintiff waived counsel on February 2, 2006.  The Court reappointed counsel on February 14, 2006. Thus, Plaintiff went without counsel for only twelve days.

proceedings, the Court is unable to determine whether Plaintiff incurred an injury as a result of the alleged interference by Defendant Hansen or, more specifically, whether the pending state appellate litigation had arguable merit. Consequently, the Court will deny Defendant Hansen's Motion to Dismiss Plaintiff's Amended Complaint and permit the parties to fully develop the facts relative to Plaintiff's First Amendment claim.

ACCORDINGLY, it is hereby

**ORDERED**:

1. Defendant Hansen's Motion to Dismiss Amended Complaint (Doc. #28) is **DENIED**.

2. Defendant Hansen shall file an Answer to Plaintiff's Complaint within thirty (30) days of this Order.

3. Defendants', Roche, Hunter, Freeman, Motions to Dismiss (Docs. #29, #30, #31) are **GRANTED** and Plaintiff's Complaint is dismissed without prejudice as to these defendants.

4. The **Clerk of Court** shall: (1) correct the case caption to reflect the dismissal of Defendants Roche, Freeman, and Hunter; and (2) enter judgment as to Defendants Roche, Freeman, and Hunter.

5. Plaintiff's Motions to Strike Defendant Motion to Dismiss (Docs. #34-#37) are **terminated** as pending motions.

**DONE AND ORDERED** in Fort Myers, Florida, on this __23nd__ day of August, 2006.

_____
JOHN E. STEELE
United States District Judge

```
SA:    alj
Copies: All Parties of Record
```