```
              UNITED STATES DISTRICT COURT
              MIDDLE DISTRICT OF FLORIDA
                  FORT MYERS DIVISION


BELAFONTE LOPEZ ROSIER,

                    Plaintiff,
vs.                                Case No.  2:05-cv-133-FtM-29SPC


BETH ANN HANSEN,
                    Defendant.
_____
```

## OPINION AND ORDER

This matter comes before the Court upon review of Defendant Hansen's Motion for Summary Judgment (Doc. #70, "Motion"). Defendant Hansen attaches the following exhibits in support of her Motion:

> Exhibit "A":[1] Transcript from Plaintiff Rosier's Deposition held on February 15, 2007;
>
> Exhibit "B":  Motion for Release on Own Recognizance filed in State of Florida v. Rosier, Case No. 03-02525, Twentieth Judicial Circuit, Collier County, bearing "FILED" date stamp of September 25, 2003;
>
> Exhibit "C":  Collier County Clerk of Courts, Public Information System, Felony Case No. 03-02525CFA, Docket Information;
>
> Exhibit "D":  *Pro Se* Petition for Writ of Certiorari filed in Rosier v. Hunter, et al., Case No. 04-3233-CA, Second District Court of Appeals, bearing "FILED" date stamp of September 14, 2004, and Order dated October 28, 2004 denying Petitioner's motion for appointment of counsel entered in same case;

---

[1] Defendant bates-stamped the pages comprising each exhibit. The Court will refer to each exhibit by its abbreviated alphanumeric designation and, were applicable, the bates-stamped page number of the corresponding exhibit.

Exhibit "E":   Order Denying Petition for Writ of Habeas Corpus filed in Rosier v. Hunter, et al., Case No. 04-3233-CA, Twentieth Judicial Circuit, Collier County, bearing "FILED" date stamp, July 7, 2004;

Exhibit "F":   *Pro Se* Petition for Writ of Habeas Corpus filed in Rosier v. Hunter, et al., Case No. 04-3808-CA, Twentieth Judicial Circuit, Collier County, bearing "FILED" date stamp, August 3, 2004;

Exhibit "G":   Unexecuted Order for Release After 33 Days bearing the case caption State of Florida v. Rosier, Case No. 03-02525, Twentieth Judicial Circuit, Collier County;

Exhibit "H-1" *Pro Se* Petition for Writ of Mandamus, filed in State of Florida v. Rosier, Case No. 03-02525, Twentieth Judicial Circuit, Collier County, bearing two "FILED" date stamps, January 4, 2005 and February 7, 2005, addressed envelope and Order Transferring Petition to Second District Court of Appeal at Case No. 2D05-573 bearing "FILED" date stamp, with Order entered by Second District Court of Appeal dated February 7, 2005, directing Rosier to pay appellate filing fee or file affidavit of insolvency, and *pro se* Affidavit of Insolvency;

Exhibit "H-2": Various pleadings from Rosier's State appellate Case No. 2D05-573 including, February 28, 2005 and March 24, 2005 orders entered by the Second District Court of Appeals declaring Rosier insolvent and denying Rosier's petition fo writ of mandamus, Rosier's *pro se* Motion for Reconsideration bearing "FILED" date stamp of April 18, 2005, order dated April 25, 2005 by the Florida Supreme Court acknowledging new case number (SC05-680) and dismissing Rosier's petition for writ of certiorari, order dated July 6, 2005 entered by the Second District Court of Appeal denying Rosier motion for reconsideration;

Exhibit "I-1": Various pleadings regarding Rosier's State appellate Case No. 06-1882 including, Rosier's *pro se* Petition for Writ of Habeas Corpus/Motion to Dismiss Preliminary Hearing, order dated April 28, 2006 entered by the Second District Court of Appeals directing the State to advise the Court if Rosier has counsel in underlying criminal Case No. 03-02525-CFA, and State's Response to Court Order bearing "FILED" date stamp of May 16, 2006;

>   Exhibit "I-2": Various pleadings regarding Rosier's State appellate Case No. 06-1882 including, Rosier's *pro se* Clarification to Respondent's Response to the Court's Order bearing "FILED" stamp date of May 25, 2006 with exhibits, order dated June 2, 2006 entered by the Second District Court of Appeals directing the State to respond to Rosier's petition due to his proceeding *pro se* in the underlying criminal case, the State's Response to Order, order dated June 23, 2006 entered by the Second District Court of Appeals denying Rosier's petition for writ of habeas corpus, Rosier's pro se Petition for Rehearing En banc bearing "FILED" stamp date of July 7, 2006 with exhibits, and order dated October 6, 2006 entered by the Second District Court of Appeals denying Rosier's motion for rehearing.

The Court advised Plaintiff how to respond to a motion for summary judgment, and directed Plaintiff to file a response (Doc. #72). After the Court granted Plaintiff an extension of time, he filed a Response in Opposition to Defendant Hansen's Motion with hundreds of pages of exhibits (Doc. #78, "Response").[2] Thereafter, Plaintiff filed a Supplement to Response (Doc. #81). This matter is ripe for review.

**I.**

Plaintiff, while a pretrial detainee at the Collier County Jail, initiated this action by filing a civil rights complaint form pursuant to 42 U.S.C. § 1983 on March 29, 2005 (Doc. #1). On June 1, 2005, the Court directed Plaintiff to file an amended complaint (Doc. #8), which Plaintiff filed on June 29, 2005 (Doc. #11,

---

[2]Plaintiff attaches numerous grievances and/or informal complaints that were filed Defendant Hansen by other inmates on other claims. The bulk of the exhibits do not contain any facts that are material to the issues before the Court. The Court has reviewed all of the exhibits submitted by Plaintiff and will consider them to the extent relevant.

"Amended Complaint"). Plaintiff's Amended Complaint alleged First Amendment violations stemming from various defendants' alleged interference with Plaintiff's access to the court. See generally Amended Complaint. On August 23, 2006, the Court issued an Opinion and Order dismissing all defendants, except Defendant Hansen (Doc. #42).[3]

According to the Amended Complaint, between the dates of June 9, 2004 and July 21, 2004, Defendant Hansen "deliberately denied" Plaintiff's various requests for cases and statutes and required exact citations before printing cases requested by Plaintiff. Id. at 8. Plaintiff alleged that, at the time, he was acting *pro se* in connection with his underlying criminal action and was filing *pro se* state appellate motions. Plaintiff further averred that due to Defendant Hansen's actions, the state appellate court denied Plaintiff's petition for relief filed in connection with Plaintiff's pending criminal action at Case No. 0302525CFA as "untimely." Id. In its August 23, 2006 Order, the Court noted that, at the motion to dismiss stage, the Court was unable to determine whether Plaintiff incurred an actual injury as a result of the alleged interference by Defendant Hansen or, more specifically, whether the pending state appellate litigation had

---

[3]To the extent relevant, the Court incorporates by reference the entirety of its August 23, 2006 Order as though set forth herein.

arguable merit.  See Opinion and Order dated August 23, 2006 at 11 (Doc. #42).

Defendant Hansen now moves for summary judgment on the basis that the evidence of record demonstrates that Plaintiff's right of access to the courts was not violated because Plaintiff did not incur an actual injury since his "state appellate litigation . . . did not have arguable merit." Motion at 2, ¶¶3-5.  Further, Defendant argues that she is entitled to qualified immunity.  Id. at ¶6.

## II.

Summary judgment is appropriate only when the Court is satisfied that "there is no genuine issue at to any material fact and that the moving party is entitled to judgment as a matter of law."  FED. R. CIV. P. 56(c).  An issue is "genuine" if there is sufficient evidence such that a reasonable jury could return a verdict for either party.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  A fact is "material" if it may affect the outcome of the suit under governing law.  Id.  The moving party bears the burden of identifying those portions of the pleadings, depositions, answers to interrogatories, admissions, and/or affidavits which it believes demonstrate the absence of a genuine issue of material fact.  Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986); Hickson Corp. v. Northern Crossarm Co., Inc., 357 F.3d 1256, 1259-60 (11th Cir. 2004).

To avoid the entry of summary judgment, a party faced with a properly supported summary judgment motion "bears the burden of persuasion" and must come forward with extrinsic evidence, i.e., affidavits, depositions, answers to interrogatories, and/or admissions, and "set forth specific facts showing that there is a genuine issue for trial." Beard v. Banks, 548 U.S. 521, 126 S.Ct. 2572, 2578 (2006)(citations omitted); Celotex, 477 U.S. at 322; Hilburn v. Murata Electronics North America, Inc., 181 F.3d 1220, 1225 (11th Cir. 1999).  If there is a conflict in the evidence, the non-moving party's evidence is to be believed and "all justifiable inferences" must be drawn in favor of the non-moving party. Beard, 126 S. Ct. at 2578 (citations omitted); Shotz v. City of Plantation, Fl., 344 F.3d 1161, 1164 (11th Cir. 2003). "A court need not permit a case to go to a jury, however, when the inferences that are drawn from the evidence, and upon which the non-movant relies, are 'implausible.'" Cuesta v. School Bd. of Miami-Dade County, 285 F.3d 962, 970 (11th Cir. 2002) (citations omitted).  Nor are conclusory allegations based on subjective beliefs sufficient to create a genuine issue of material fact. Leigh v. Warner Bros., Inc., 212 F.3d 1210, 1217 (11th Cir. 2000). "When opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling in a motion for summary judgment." Scott v. Harris ___ U.S. ___, 127 S. Ct. 1769, 1776 (2007).  In the

summary judgment context, however, the Court must construe *pro se* pleadings more liberally than those of a party represented by an attorney.  Loren v. Sasser, 309 F.3d 1296, 1301 (11th Cir. 2002).

**III.**

The Supreme Court made clear that the First Amendment grants inmates a limited constitutional right of access to the court. Bounds v. Smith, 430 U.S. 817, 821, 828 (1977); Lewis v. Casey, 518 U.S. 343, 351 (1996); Chandler v. Baird, 926 F.2d 1057 (11th Cir. 1991).  This right necessitates that an inmate be afforded "a reasonable adequate opportunity to present claimed violations of fundamental constitutional rights to the courts." Lewis 518 U.S. at 351. It is access to the courts which is the protected constitutional right, not access to a law library. Akins v. U.S., 204 F.3d 1086, 1090 (11th Cir. 2000)(emphasis added).  Thus, an inmate must show that his "fundamental right of access to the courts in order to attack his sentence or to challenge the conditions of his confinement" were  impaired or obstructed by the prison officials' actions.  Id.

The Supreme Court established that a plaintiff who alleges a denial of access to court claim must demonstrate that the alleged deprivation of legal material "hindered his efforts to pursue a legal claim." Lewis, 518 U.S. at 351.  "The injury requirement is not satisfied by just any type of frustrated legal claim." Id. at 354.  Specifically, the plaintiff must show that the denial of

access to court prejudiced him in a criminal appeal, post-conviction matter, or in a civil rights action under 42 U.S.C. § 1983 "to vindicate 'basic constitutional rights.'" Id. (quoting Wolff v. McDonnell, 418 U.S. 539, 579 (1974)); Bass v. Singletary, 143 F.2d 1442, 1445 (11th Cir. 1998). Moreover, a plaintiff cannot establish actual injury unless the case that the plaintiff was unable to pursue had arguable merit. Lewis, 581 U.S. at 353; Wilson v. Blankenship, 163 F.3d 1284, 1291 (11th Cir. 1998). The actual injury requirement is derived from the constitutional principle of standing. Lewis, 518 U.S. at 349. Thus, where a plaintiff's First Amendment claim is premised upon the hinderance of a collateral claim that is determined to be frivolous or without merit, the plaintiff is not entitlement to relief on his First Amendment claim. Id. at 350.

**IV.**

Here, Defendant Hansen argues that she is entitled to summary judgment, as evidenced by the record in this action, because Plaintiff's underlying state habeas action was without merit. See generally Motion. The uncontested evidence of record reveals the following facts. At the time this action was initiated, Plaintiff was being held in the Collier County Jail awaiting a trial in connection with his August 21, 2003 arrest for sexual battery on a child under 12 in felony case number 0302522-CFA. Exh. C at 006. On or about September 19, 2003, the office of Robert R. Jacobs, III, Public Defender, served upon the office of the Honorable

Stephen B. Russell, State Attorney, a "Motion for Release on Own Recognizance No Formal Charges Filed" ("Motion for Release"). Exh. B at 001.  On September 23, 2003, 32 days after Plaintiff's arrest,[4] the State Attorney filed an Information at case number 0302522-CFA charging Plaintiff with Sexual Battery on a Child Less than 12 Years of Age and Sexual Activity with A Child.  Exh. C at 006.  The Motion for Release, although "received" by the State court on September 23, 2003, was not filed in Plaintiff's underlying criminal action at case number 0302522-CFA until September 25, 2003.  Id.

On June 11, 2004, Rosier filed a Petition for Habeas Corpus in the circuit court claiming that his detention was illegal due to the State's alleged failure to timely file charges pursuant to Fla. R. Crim. P. 3.134(1).[5]  In particular, Rosier contended that the State filed the Information 34 days after his arrest.  Response at

---

[4]FLA. R. CRIM. P. 3.040 governs the computation of time and provides that "the day of the act or event from which the designated period of time begins to run is not to be included." Consequently, since Plaintiff was arrested on August 21, 2003, the time for filing an Information did not begin to run until August 22, 2003, the day after Plaintiff's was arrested and placed in custody.

[5]FLA. R. CRIM. P. 3.134 provides that the State must filed formal charges on a defendant who is in custody by information or indictment within 30 days from the date of which the defendant is arrested. If a defendant remains uncharged, the court is required to notify the State that the defendant will automatically be released on the 33rd day unless the State files formal charges by that date. For good cause shown by the State, the defendant may be held until the 40th day unless the state files formal charges. However, in no case, may a defendant remain in custody beyond 40 days.

Exh. (C)(2).  The circuit court denied the Petition on July 6, 2004, noting that Rule 3.134 was "not self-executing" and finding that Rosier failed to allege that he had filed an appropriate motion for release.  Exh. E at 002, ¶4.

On August 3, 2004, Rosier filed a second Petition for Habeas Corpus advising the circuit court that he did file a Motion for Release and again arguing that because the State did not timely file the Information he was entitled to release.  Exh. F at 001. On August 4, 2004, the circuit court denied the Petition as successive.  Id. at 002.

On September 14, 2004, Rosier filed a *pro se* Petition for Writ of Certiorari in the Second District Court of Appeals at case number 2D04-4045 contending that the circuit court erred in denying his Petition for Writ of Habeas Corpus because he had, in fact, filed a Motion for Release.  Exh. D at 001-004.  The appellate court denied the Petition for Writ of Certiorari "for lack of jurisdiction since the petition was untimely filed."  Id. at 005. Plaintiff identifies this Petition as the qualifying case for which he was denied access to court due to Defendant Hansen's actions. Exh. A at 014-015.  For purposes of clarification, the Court will refer to this Petition as the "qualifying Petition."  Because the qualifying Petition was denied as "untimely," Plaintiff argues that he sustained an actual injury, thus resulting in a deprivation of Plaintiff's constitutional rights.  Id. at 020-021.

After having the qualifying Petition dismissed as "untimely," Rosier filed a Petition for Writ of Mandamus in the circuit court on December 16, 2004, again raising the State's failure to file an Information in a timely fashion as grounds for relief. Exh. H-1 at 001-0006. The circuit court transferred the Petition for Writ of Mandamus to the Second District Court of Appeal at case number 2D05-573. Id. at 005-007. On March 24, 2005, the appellate court denied the Petition for Writ of Mandamus, without written opinion. Exh. H-2 at 017.

On August 18, 2006, Rosier filed a second Petition for Writ of Habeas Corpus with the Second District Court of Appeal at case number 2D06-1882. Exh. I-1 at 001-007 (the "second Petition"). Rosier attached a copy of the Motion for Release and the circuit court's "Order for Release After 33 Days," which directed the State to file charges by "3:30 PM on the 23rd day of September, 2003" or Rosier was to be released from the Collier County Jail on his own recognizance, as exhibits to his second Petition. Id. at 006-007. On April 28, 2006, the appellate court directed the State to advise the court if charges were pending against Rosier in case no. 03-02525-CA and if Rosier was represented by counsel in that underlying case. Id. at 10. The State responded that six counts of sexual battery were pending against Rosier and he was represented by Assistant Public Defender Shannon Brown in connection with case no. 03-02525-CA. Id. at 020-21. The appellate court thereafter directed Assistant Public Defender Shannon Brown

to advise the court whether she adopted the claims set forth in the *pro se* Petition. Id. at 022. On May 24, 2006, Public Defender Shannon Brown advised the appellate court that "as of February 02, 2006, [she] no longer represent[s] Mr. Rosier. Mr. Rosier is proceeding pro se." Further, Ms. Brown advised the appellate court that she "d[id] not adopt the claims in his writ of habeas corpus." Id. at 030. The appellate court directed the State to file a response to the second Petition. Id. at 031. On June 13, 2006, the state filed a Response to the second Petition as directed by the appellate court. Id. at 032-033. The State, in its Response, pointed to FLA. R. CRIM. P. 3.040 and argued that the Information was not untimely since "in computing any period of time, the day of the event from which the designated period of time be[gin]s to run is not included." Consequently, the State contended that because the Information was "filed on the thirty-third day[6] after [Rosier's] arrest" Rosier "was not entitled to release on his own recognizance" under FLA. R. CRIM. P. 3.134(1). Id. On June 23, 2006, the appellate court denied Rosier's second Petition. Id. at 034. On July 7, 2006, Rosier filed a Petition for Rehearing En Banc. Id. at 035-036. On October 6, 2006, the appellate court denied Rosier's motion. Id. at 039.

---

[6]According to the Court's calculations, the Information was actually filed on the 32nd day after Rosier's August 21, 2003 arrest, not the 33rd day (starting date of August 22, 2003, and ending date of September 23, 2003).

Defendant Hansen argues that even if the appellate court had not dismissed Rosier's qualifying Petition as untimely, the qualifying Petition was nonetheless without merit because the circuit court had properly denied Rosier's underlying habeas petition since Rosier did not file a Motion for Release until <u>after</u> the State filed its Information. Motion at 9. Further, Defendant correctly points out the State's Information was not untimely, and in fact was filed <u>before</u> the expiration of the mandatory 33 day period set forth in Rule 3.134. <u>Id.</u> at 7. Finally, Defendant Hansen argues that, on June 23, 2006, the appellate court ruled on Rosier's second Petition, which was essentially identical to his qualifying Petition, and denied the second Petition on the merits. <u>Id.</u> at 10. Consequently, Defendant Hansen argues that Plaintiff was not actually injured, and thus Plaintiff's constitutional rights were not violated. <u>Id.</u>

Based upon the review of the record, the Court agrees that Plaintiff's qualifying Petition was without merit. Here, it is clear that the Information was not untimely, and Rosier was not entitled to be released on his own recognizance under Florida law. FLA. R. CRIM. P. 3.040 and 3.134. Therefore, Plaintiff's First Amendment claim must fail. <u>Barbour v. Haley</u>, 471 F.3d 1222, 1225 (11th Cir. 2006); <u>see also</u> <u>Bass v. Singletary</u>, 143 F.3d at 1446. Nothing in the record, in Plaintiff's Response, or in Plaintiff's Supplemental Response rebuts Defendant Hansen's properly supported motion for summary judgment.

ACCORDINGLY, it is hereby

**ORDERED:**

1. Defendant Hansen's Motion for Summary Judgment (Doc. #70) is **GRANTED**.

2. The **Clerk of Court** shall enter judgment as set forth above, terminate any pending motions, and close this file.

**DONE AND ORDERED** in Fort Myers, Florida, on this ___14th___ day of May, 2008.

```
                              /s/ John E. Steele
                              JOHN E. STEELE
                              United States District Judge
```

SA: hmk
Copies: All Parties of Record